## GIACCIO *v.* PENNSYLVANIA.

No. 47.  Argued December 6, 1965.—Decided January 19, 1966.

*Peter Hearn* argued the cause for appellant.  With him on the brief were *James C. N. Paul* and *Paul J. Mishkin.*

*John S. Halsted* argued the cause for appellee.  With him on the brief were *Walter E. Alessandroni,* Attorney General of Pennsylvania, *Graeme Murdock,* Deputy Attorney General, and *A. Alfred Delduco.*

Mr. Justice Black delivered the opinion of the Court.

Appellant Giaccio was indicted by a Pennsylvania grand jury and charged with two violations of a state statute which makes it a misdemeanor to wantonly point or discharge a firearm at any other person.[1] In a trial before a judge and jury appellant's defense was that the firearm he had discharged was a starter pistol which only fired blanks. The jury returned a verdict of not guilty on each charge, but acting pursuant to instructions of the court given under authority of a Pennsylvania statute of 1860, assessed against appellant the court costs of one of the charges (amounting to $230.95). The Act of 1860, set out below,[2] provides among other things that:

> ". . . in all cases of acquittals by the petit jury on indictments for [offenses other than felonies], the jury trying the same shall determine, by their verdict, whether the county, or the prosecutor, or the

[1] Act of June 24, 1939, Pub. L. 872, § 716, Pa. Stat. Ann., Tit. 18, § 4716.

[2] Act of March 31, 1860, Pub. L. 427, § 62, Pa. Stat. Ann., Tit. 19, § 1222, provides:

"In all prosecutions, cases of felony excepted, if the bill of indictment shall be returned ignoramus, the grand jury returning the same shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution; and in all cases of acquittals by the petit jury on indictments for the offenses aforesaid, the jury trying the same shall determine, by their verdict, whether the county, or the prosecutor, or the defendant shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions; and the jury, grand or petit, so determining, in case they direct the prosecutor to pay the costs or any portion thereof, shall name him in their return or verdict; and whenever the jury shall determine as aforesaid, that the prosecutor or defendant shall pay the costs, the court in which the said determination shall be made shall forthwith pass sentence to that effect, and order him to be committed to the jail of the county until the costs are paid, unless he give security to pay the same within ten days."

defendant shall pay the costs . . . and whenever the jury shall determine as aforesaid, that the . . . defendant shall pay the costs, the court in which the said determination shall be made shall forthwith . pass sentence to that effect, and order him to be committed to the jail of the county until the costs are paid, unless he give security to pay the same within ten days."

Appellant made timely objections to the validity of this statute on several grounds,[3] including an objection that the statute is unconstitutionally vague in violation of the Fourteenth Amendment's Due Process Clause because it authorizes juries to assess costs against acquitted defendants, with a threat of imprisonment until the costs are paid, without prescribing definite standards to govern the jury's determination. The trial court held the 1860 Act void for vagueness in violation of due process, set aside the jury's verdict imposing costs on the appellant, and vacated the "sentence imposed upon Defendant that he pay said costs forthwith or give security to pay the same within ten (10) days and to stand committed until he had complied therewith."[4] The Superior Court of Pennsylvania, one judge dissenting, reversed the trial court closing its opinion this way:

"We can find no reason that would justify our holding it [the 1860 Act] unconstitutional.
"Order reversed, sentence reinstated."[5]

The State Supreme Court, again with one judge dissenting, agreed with the Superior Court and affirmed its judg-

---

[3] One objection was that the Act violates the Equal Protection Clause of the Fourteenth Amendment because it discriminates against defendants in misdemeanor cases by imposing greater burdens upon them than upon defendants in felony cases and cases involving summary offenses. We do not reach or decide this question.

[4] 30 Pa. D. & C. 2d 463 (Q. S. Chester, 1963).

[5] 202 Pa. Super. 294, 310, 196 A. 2d 189, 197.

ment.[6]   This left appellant subject to the judgment for costs and the "sentence" to enforce payment.   We noted jurisdiction to consider the question raised concerning vagueness and absence of proper standards in the 1860 Act.   381 U. S. 923.   We agree with the trial court and the dissenting judges in the appellate courts below that the 1860 Act is invalid under the Due Process Clause because of vagueness and the absence of any standards sufficient to enable defendants to protect themselves against arbitrary and discriminatory impositions of costs.

1. In holding that the 1860 Act was not unconstitutionally vague the State Superior and Supreme Courts rested largely on the declaration that the Act "is not a penal statute" but simply provides machinery for the collection of costs of a "civil character" analogous to imposing costs in civil cases "not as a penalty but rather as compensation to a litigant for expenses. . . ."   But admission of an analogy between the collection of civil costs and collection of costs here does not go far towards settling the constitutional question before us.   Whatever label be given the 1860 Act, there is no doubt that it provides the State with a procedure for depriving an acquitted defendant of his liberty and his property. Both liberty and property are specifically protected by the Fourteenth Amendment against any state deprivation which does not meet the standards of due process, and this protection is not to be avoided by the simple label a State chooses to fasten upon its conduct or its statute. So here this state Act whether labeled "penal" or not must meet the challenge that it is unconstitutionally vague.

2. It is established that a law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to

[6] 415 Pa. 139, 202 A. 2d 55.

decide, without any legally fixed standards, what is prohibited and what is not in each particular case. See, *e. g., Lanzetta* v. *New Jersey,* 306 U. S. 451; *Baggett* v. *Bullitt,* 377 U. S. 360. This 1860 Pennsylvania Act contains no standards at all, nor does it place any conditions of any kind upon the jury's power to impose costs upon a defendant who has been found by the jury to be not guilty of a crime charged against him. The Act, without imposing a single condition, limitation or contingency on a jury which has acquitted a defendant simply says the jurors "shall determine, by their verdict, whether . . . the defendant, shall pay the costs" whereupon the trial judge is told he "shall forthwith pass sentence to that effect, and order him [defendant] to be committed to the jail of the county" there to remain until he either pays or gives security for the costs. Certainly one of the basic purposes of the Due Process Clause has always been to protect a person against having the Government impose burdens upon him except in accordance with the valid laws of the land. Implicit in this constitutional safeguard is the premise that the law must be one that carries an understandable meaning with legal standards that courts must enforce. This state Act as written does not even begin to meet this constitutional requirement.

3. The State contends that even if the Act would have been void for vagueness as it was originally written, subsequent state court interpretations have provided standards and guides that cure the former constitutional deficiencies. We do not agree. All of the so-called court-created conditions and standards still leave to the jury such broad and unlimited power in imposing costs on acquitted defendants that the jurors must make determinations of the crucial issue upon their own notions of what the law should be instead of what it is. Pennsylvania decisions have from time to time said expressly, or at least implied, that juries having found a defendant not

guilty may impose costs upon him if they find that his conduct, though not unlawful, is "reprehensible in some respect," "improper," outrageous to "morality and justice," or that his conduct was "not reprehensible enough for a criminal conviction but sufficiently reprehensible to deserve an equal distribution of costs" or that though acquitted "his innocence may have been doubtful." [7]  In this case the trial judge instructed the jury that it might place the costs of prosecution on the appellant, though found not guilty of the crime charged, if the jury found that "he has been guilty of some misconduct less than the offense which is charged but nevertheless misconduct of some kind as a result of which he should be required to pay some penalty short of conviction [and] . . . his misconduct has given rise to the prosecution."

It may possibly be that the trial court's charge comes nearer to giving a guide to the jury than those that preceded it, but it still falls short of the kind of legal standard due process requires.  At best it only told the jury that if it found appellant guilty of "some misconduct" less than that charged against him, it was authorized by law to saddle him with the State's costs in its unsuccessful prosecution.  It would be difficult if not impossible for a person to prepare a defense against such general abstract charges as "misconduct," or "reprehensible conduct."  If used in a *statute* which imposed forfeitures, punishments or judgments for costs, such loose and unlimiting terms would certainly cause the statute to fail to measure up to the requirements of the Due Process Clause.  And these terms are no more effective to make a statute valid which standing alone is void for vagueness.

---

[7] The foregoing quotations appear in a number of Pennsylvania cases including *Commonwealth* v. *Tilghman,* 4 S. & R. 127; *Baldwin* v. *Commonwealth,* 26 Pa. 171; *Commonwealth* v. *Daly,* 11 Pa. Dist. 527 (Q. S. Clearfield); and in the opinion of the Superior Court in this case, 202 Pa. Super. 294, 196 A. 2d 189.

We hold that the 1860 Act is constitutionally invalid both as written and as explained by the Pennsylvania courts.[8] The judgment against appellant is reversed and the case is remanded to the State Supreme Court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Mr. Justice Stewart, concurring.

I concur in the Court's determination that the Pennsylvania statute here in question cannot be squared with the standards of the Fourteenth Amendment, but for reasons somewhat different from those upon which the Court relies. It seems to me that, despite the Court's disclaimer,* much of the reasoning in its opinion serves to cast grave constitutional doubt upon the settled practice of many States to leave to the unguided discretion of a jury the nature and degree of punishment to be imposed upon a person convicted of a criminal offense. Though I have serious questions about the wisdom of that practice, its constitutionality is quite a different matter. In the present case it is enough for me that Pennsylvania allows a jury to punish a defendant after finding him not guilty. That, I think, violates the most rudimentary concept of due process of law.

Mr. Justice Fortas, concurring.

In my opinion, the Due Process Clause of the Fourteenth Amendment does not permit a State to impose a penalty or costs upon a defendant whom the jury has found not guilty of any offense with which he has been charged.

---

[8] In so holding we intend to cast no doubt whatever on the constitutionality of the settled practice of many States to leave to juries finding defendants guilty of a crime the power to fix punishment within legally prescribed limits.

*See n. 8, *ante.*