## Commonwealth v. Johnson

*Joseph J. Nelson,* for Commonwealth.

*Joseph P. Valentino,* for defendant.

ACKER, J., July 29, 1969.—Defendant was tried, convicted and sentenced for driving while under the influence of intoxicating liquors. At sentence, he was directed, inter alia, to pay the costs. This he did under protest and now moves this court to enter an order directing the county to return to him the costs which he claims were improperly taxed. These consist of $7 for the "sober meter test," $25 to Dr. Frederick Raisch for his written report of the results of the sober meter test given to defendant the night of his arrest, and $100 paid to the said Dr. Raisch for court appearance resulting in defendant's conviction.

It is defendant's contention that there is no authorization to require the payment of these moneys under the various statutes dealing with witness fees. By the Act of October 13, 1959, P. L. 1309, no. 436, sec. 1, 28 PS §416.2, the rate of compensation of a witness is to be $5 per day during the necessary period of attendance. Although acknowledged by defendant that expert witnesses may be given additional compensation by the Act of July 21, 1941, P. L. 425, sec. 9, 28 PS §416.9, defendant contends that this gives no authority to tax as costs against him that additional compensation. With this contention, we agree.[1]

The Commonwealth responds that it is not required to rely on either of the statutes dealing with witness fees mentioned above. Rather, it states that under the Act of August 9, 1955, P. L. 323, sec. 1403, 16 PS §1403, it has the authority to charge defendant with all necessary expenses incurred in the investigation, apprehension and prosecution of defendant, if and when defendant is convicted and directed to pay the costs of prosecution and trial. This statute reads:

"All necessary expenses incurred by the district attorney or his assistants or any officer directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval thereof by the district attorney and the court, shall be paid by the county from the general funds of the county. In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant."

---

[1] Capozzola and Kent v. Le'Isidora, 29 North. 211 (1944); Donaldson v. Love, 25 Cambria 180 (1965); Kling Appeal, 433 Pa. 118, 249 A. 2d 522 (1969); Heffner Estate, 43 D. & C. 2d 365 (1968).

The imposition of payment of costs by a court in Pennsylvania is bottomed on the Act of March 31, 1860, P. L. 427, sec. 64, 19 PS §1223: "The costs of prosecution accruing on all bills of indictment . . . in all cases of conviction of any crime . . . shall be paid by the party convicted." [2]

In Commonwealth v. Ferris, 21 D. & C. 2d 484 (1959), this statute was used in an attempt to collect $5,489.58 from a defendant who was a former coroner of the county. Charges also had been placed against a deputy coroner. The former coroner pleaded nolo contendere to 29 bills of indictment charging fraudulent conversion. He was sentenced upon one count of one bill. The remaining 28 bills of indictment to which he pleaded resulted in the sentence being suspended generally. There had, however, been 63 bills of indictment returned for fraudulent conversion, plus one for conspiracy. All except those 29 mentioned above were eventually nolle prossed. Among the expenses charged against defendant in investigation were those for opening graves, handwriting experts and doctors.

The issue for determination was whether the costs had to be prorated by the then deputy and the coroner. A formula arrived at from the testimony of the State Police investigating officer of 25 percent to 75 percent was accepted. Defendant was, therefore, required to pay his proportional 75 percent share of the items mentioned above. Court stenographer's salary and notes of testimony were not ordered. However, sheriff's fees, deputy, clerk and tipstaff expenses were allowed in addition to those mentioned previously. The court stated, page 490:

"It is true that the Act of 1923 does not specifically mention these items; however, we believe the act is

---

[2] The common law prior to statutory authority was in accord: Commonwealth v. Johnson, 5 S. & R. 195 (1819).

sufficiently broad in its provisions which relates to 'Costs of prosecution and trial,' to cover the expenses objected to by petitioner as being levied without statutory authority."

In Commonwealth v. Boyer, 13 D. & C. 254 (1929), the issue was whether $138.50 paid to a detective and $20 to a chemist incurred by the district attorney in preparation for a charge of violation of the liquor laws could be assessed against a defendant who had been found not guilty. This was before Giaccio v. Pennsylvania, 382 U.S. 399, 86 S. Ct. 518, 15 L. Ed. 2d 447 (1966), 415 Pa. 139, 202 A. 2d 55 (1964). Because there was not specific authority under the Act of 1925 to place such costs upon a defendant who was found not guilty, defendant's motion was sustained. Doing so, however, the court stated, page 256:

"However, we do not want to be misunderstood in this respect, and would say that if the defendant had been found guilty, these 'necessary expenses' would have been properly taxed as part of the costs of the case which the defendant would have been obliged to pay as costs following the imposition of sentence upon a verdict of guilty rendered against him."

In Commonwealth v. Sacon, 26 North. 272, even though defendant was found not guilty, a chemist's bill and analysis of beverages seized at the time of the raid was held to be part of the costs.

Defendant's motion not only challenges the assessment of the costs but also that the fee of $100 of Dr. Frederick Raisch is exorbitant. It is to be noted by the statute that only "necessary expenses," which we interpret to be reasonable as well as necessary, can be assessed against a defendant. The assessment occurred through a form captioned "Special fee" by the district attorney to the clerk of courts informing her to tax the now contested costs. Attention is first directed to the sober meter test report fur-

nished by the pathologist in the amount of $25. In that there is no charge by Dr. Raisch for chemically analyzing the evidence obtained by the police, it is assumed that the charge is for both analyzing and giving the report. Certainly, it is necessary for the district attorney to know the results of the test to proceed with the prosecution. In addition, the fee of $25 is most reasonable.

The members of the Mercer County Bar Association and the Mercer County Medical Association met upon the question of fees for testifying in court approximately 10 years ago and arrived at an informal agreement that the minimum charge be $100 for an appearance in court, regardless of how many minutes or hours of a day were consumed. The charge of Dr. Raisch is in accordance with that minimum charge. It is true that Dr. Raisch could be subpoenaed to appear in court and paid $5 per day plus seven cents a mile. It is also true that Dr. Raisch is a private practitioner and is not required by any law to run the tests which he performs for the district attorney's office and to appear in court. In that the fee charged is within the minimum agreement, it is the finding of this court that it is a reasonable and fair charge and was, in fact, necessary to the district attorney's office for the prosecution of this case.

One final item is the $7 charged for the sober meter —113 M. This sober meter is supplied by the Pennsylvania State Police.

The authority to require defendant to undergo the chemical test for his breath is the Act of July 31, 1968, Act No. 237, sec. 1, 75 PS §624.1. There is no authority in this statute to impose the costs of the apparatus upon defendant. Further, the Act of 1955, supra, permits imposition of costs only for necessary expenses incurred by the district attorney, or his assistant or any officer directed by him in the investigation of

crime. It cannot be said that the police officer in this case at the time of the apprehension was directed by the district attorney. As contended by counsel for defendant, if such an expense were to be allowed, the district attorney could also assess the portion of the costs of the cruiser, costs of bullets, guns and other equipment of the police required in the arrests. This certainly was not anticipated by the statute relied upon by the Commonwealth and is, therefore, disallowed.

## ORDER

And now, July 29, 1969, defendant's motion for the return of $100 paid to Dr. Frederick Raisch for testimony and $25 for a report is denied. The request to return $7 for the "sober meter—113 M" is granted. The County of Mercer is hereby directed to repay to defendant, Edwin Forest Johnson, the sum of $7.