Richard GRAMBO, Plaintiff,

v.

LOOMIS CYCLE SALES, INC.,
Defendant.

No. H 75–130.

United States District Court,
N. D. Indiana,
Hammond Division.

Dec. 8, 1975.

**1074**

Charles R. Deible, Westville, Ind., Daniel L. Toomey, Gary, Ind., for plaintiff.

Martell B. Royer, Hammond, Ind., for defendant.

## ORDER

ALLEN SHARP, District Judge.

The Court is presented with a motion to dismiss filed by the defendant, Loomis Cycle Sales, Inc., pursuant to Federal Rules of Procedure 12(b)(6). The Court has studied the memoranda filed and must deny defendant Loomis Cycle Sales, Inc.'s motion to dismiss.

The Court assumes jurisdiction pursuant to 15 U.S.C., Section 1989.

### FACTS

Plaintiff alleged in his complaint that on March 11, 1975, he purchased a motorcycle from defendant. He further alleged that the odometer showed a mileage of 875 miles while in fact the actual mileage was in excess of 14,000 miles. Plaintiff's response to this alleged discrepancy was to argue alternatively that defendant failed to either disclose the actual mileage or that the mileage was unknown, all in violation of 15 U.S.C., Section 1989, of the Motor Vehicle Information and Cost Savings Act; or that defendant reset or altered the odometer with intent to defraud, all in violation of 15 U.S.C., Section 1984, of the Motor Vehicle Information and Cost Savings Act; or that defendant serviced, repaired, or replaced the odometer, and with intent to defraud, failed to adjust the odometer to zero and give written notice of said service, repair or replacement, all in violation of 15 U.S.C., Section 1987, of the Motor Vehicle Information and Cost Savings Act.

In response to all three counts of this complaint, defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) alleging that subchapter IV of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1991, did not apply to motorcycle dealers. Defendant stated further that if the Court found it did apply it must find the statute to be unconstitutionally vague and uncertain, as it applies to motorcycle dealers, in that it failed to give adequate notice to said dealers of the following particulars:

(a) That motorcycle dealers are subject to the statutory sanctions and requirements;

(b) The mode of conduct prescribed under the statutes;

(c) The statute sets out sanctions and requirements which cannot be complied with by motorcycle dealers.

### ANALYSIS AND FINDINGS

Subchapter IV of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C., Sections 1981–1991, was enacted by the United States Congress to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protections of purchasers with respect to the sale of motor vehicles having altered or reset odometers. See 15 U.S.C., Section 1981.

Whether Congress intended the term "motor vehicles" to cover motorcycles can be found in the legislative history of the Act where Congress described motor vehicles as including any vehicle driven or drawn by mechanical power for use in the public streets, roads, and highways. 1972 U.S. Code Congressional and Administrative News, page 3970. This description clearly covers motorcycles and thus the act's prohibitions and requirements must be said to apply to such vehicles.

In devising safeguards against reset or altered odometers, the act and the

regulations promulgated under it rely on disclosure. See 15 U.S.C., Sections 1987 and 1988, as well as the rules prescribed by the Secretary of Transportation in 49 C.F.R., part 580. The defendant, in his memorandum, attacks the disclosure requirement of Section 1987. His argument is based exclusively upon a statement in Section 1987 that requires a notice in writing to be attached to the left door frame of the vehicle when the odometer has been serviced, repaired or replaced and is incapable of registering the same mileage as before. Defendant argues that because motorcycles do not have door frames the act is vague and uncertain in its requirements and thus is unconstitutional as applied to motorcycle dealers.

■ The basic principal which underlies the entire field of legal concepts pertaining to the validity of legislation is that by enactment of legislation a constitutional measure is presumed to be created. In a number of cases the courts have enunciated the fundamental rule that there is a presumption in favor of the constitutionality of a legislative enactment. *Davies Warehouse Co. v. Bowles,* 321 U.S. 144, 64 S.Ct. 474, 88 L.Ed. 635 (1943); *U. S. v. Carolene Products Co.,* 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1937); *Becker Steel Co. v. Cummings,* 296 U.S. 74, 56 S.Ct. 15, 80 L.Ed. 54 (1935). The presumption in favor of constitutionality is especially strong in the case of statutes enacted to promote a public purpose. *McGowan v. State of Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *U. S. v. Jacobs, Ill. and N. Y.,* 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763 (1938). The Motor Vehicle Information and Cost Savings Act is just such a statute. It was enacted with the express public purpose of protecting purchasers when buying motor vehicles. See 15 U.S.C., Section 1981. Thus any interpretation of the Motor Vehicle Information and Cost Savings Act must begin with the presumption of its constitutionality.

■■ For a statute to fail to meet the requirements of due process it must be so vague and standardless as to leave the public uncertain as to its meaning. *Giaccio v. Pennsylvania,* 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966). The classic due process test is whether the statute either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. *United States v. Dellinger,* 472 F.2d 340 (7th Cir. 1972); *Livingston v. Garmire,* 437 F.2d 1050 (5th Cir. 1971). In applying this test to determine the constitutionality of the act as it applies to motorcycles this Court does not find the act to be so vague or uncertain as to leave reasonable men without proper guidance. The purpose of the act, as outlined above, is twofold. First to prohibit alteration of odometers, and second, to disclose any change that service, repair, or replacement may have brought. Disclosure then becomes the key to Section 1987 and the requirement of disclosure is clear and unambiguous.

Being a relatively new statute, the courts have generally given the Motor Vehicle Information and Cost Savings Act a practical interpretation. *Stier v. Park Pontiac, Inc.,* 391 F.Supp. 397 (S.D.W.Va.1975); *Delay v. Hearn Ford,* 373 F.Supp. 791 (D.S.C.1974). Using such an approach it becomes clear that because an auto is large, the statute, in Section 1987, requires disclosure of any alteration in mileage to be on the left door frame where it can be looked for and noted. Thus, Section 1987 standardizes a place of attachment for such notice where a buyer can routinely look when contemplating the purchase of a used automobile. Such specific guidance is not needed for vehicles like motorcycles. Being relatively small vehicles motorcycles are easily subjected to inspection by purchasers, and reasonable men in the business of selling such vehicles would know that to satisfy the disclosure requirement of 15 U.S.C., Sec-

tion 1987, they would only need to hang a tag on the cycle to place a potential purchaser on notice of an alteration in the mileage registered on the odometer.

Thus, in light of the presumption of constitutionality given to a statute enacted for a public purpose, and the clear satisfaction of the test developed in *Dellinger* and *Livingston,* supra, Section 1987 cannot be said to be unconstitutionally vague and uncertain.

Therefore, defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is denied.