**UNITED STATES of America, Plaintiff,**

v.

**Pablo MARCANO GARCIA and Nydia
Cuevas Rivera, Defendants.**

**Crim. No. 78–107.**

United States District Court,
D. Puerto Rico.

Aug. 29, 1978.

See also D.C., 456 F.Supp. 1358.

Daniel López Romo, U. S. Atty., Old San Juan, P. R., for plaintiff.

Pedro Varela, Hato Rey, P. R., for defendants.

## DECISION AND ORDER

TORRUELLA, District Judge.

The Defendants and their attorneys have challenged the constitutionality of the United States Magistrate's Order of July 7, 1978, issued pursuant to Rule 11 of the Local Rules. It is Movants' contention that Rule 11 as well as the Order issued thereunder, are "vague, overbroad, constitute a prior restraint and violate . . . due process of law" and Movants' rights under the First and Sixth Amendments of the United States Constitution. We shall immediately proceed to entertain the merits of the instant Motion.

We are faced with the delicate task of "balancing" the First Amendment rights of lawyers and litigants against the Sixth Amendment right to a fair trial.

The power of courts to ensure fair trials, "the most fundamental of all freedoms", *Estes v. Texas*, 381 U.S. 532, 540, 85 S.Ct. 1628, 1632, 14 L.Ed.2d 543 (1965), is beyond any question. *Sheppard v. Maxwell*, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). Hence, the right of free speech must yield to the right of a fair trial in cases of irreconcilable conflicts. However, Rules which restrict First Amendment rights in the interest of a fair trial must be neither vague nor overbroad. See, *Grayned v. City of Rockford*, 408 U.S. 104, 109, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

The basic standard used in the Rule in question is that the release of information or opinion for public dissemination concerning pending or imminent criminal litigation must be prohibited "if such dissemination may interfere with a fair trial or otherwise prejudice the due administration of justice." This language will form the backdrop against which the arguments of Defendants are to be evaluated. Perforce, this scrutiny centers on the constitutional standards relating to clearness, precision, and narrowness.

At the outset, our attention is drawn to two decisions dealing with the constitutionality of court rules which were almost identical to Rule 11. The first of these decisions is *Chicago Council of Lawyers v. Bauer*, 522 F.2d 242 (C.A. 7, 1975), cert. den., 427 U.S. 912, 96 S.Ct. 3201, 49 L.Ed.2d 1204 (1976). In determining that the challenged rule was unconstitutional the Court of Appeals for the Seventh Circuit stated:

"We are of the view that the rubric used in the rules under consideration, that lawyers' comments about pending or imminent litigation must be proscribed '*if there is a reasonable likelihood that such dissemination will interfere* with a fair trial or otherwise prejudice the due administration of justice' is overbroad and therefore does not meet constitutional standards. Instead, we think a narrower and more restrictive standard . . . should apply: Only those comments that pose a 'serious and imminent threat' of interference with the fair administration of justice can be constitutionally proscribed. Given the objectives of clearness, precision, and narrowness we are of the view that this formulation is more in keeping with the precepts announced by the Supreme Court . . . than the one used by the local rules of the district court. A lawyer[1] is put on stricter notice if he must gage his intended comments

---

[1]. The rule involved in *Bauer*, as well as the one analyzed in *Hirschkop v. Virginia State Bar*, infra, were addressed to the United States Attorney, lawyer or law firm associated with the prosecution or defense. In turn, Rule 11 is directed, as is herein pertinent, to "lawyer and governmental employees, employees of defense counsel and officers of the Court" as well as to "person[s] associated with the prosecution or defense." This broader scope of Rule 11, which is clearly valid, *Sheppard v. Maxwell*, supra, is not of immediate relevance to the questions presented here.

by a test that limits only comments which are a serious and imminent threat of interference with a fair trial than if his statements were governed by the more amorphous phrase: 'a reasonable likelihood that such comment will interfere with a fair trial.'" *Id.* at 249. (Emphasis added).

The Seventh Circuit's position in this regard was ably rejected in *Hirschkop v. Virginia Bar,* 421 F.Supp. 1137 (E.D.Va., 1976). Faced with a challenge to the "reasonably-likely-to-interfere-with-a-fair-trial test." *Id.,* at 1148, the Court in *Hirschkop* proceeded to define the right to a fair trial as "the right to have a trial free from a reasonable likelihood or probability of prejudice." 421 F.Supp. at 1145. *A fortiori,* the corollary to said premise was set forth as follows:

". . . [T]he test in question precisely mirrors the constitutional right sought to be protected. The tailoring could not logically be more narrow and still protect against violation of the right to a fair trial as it has been defined by our courts." Id., at 1149.

The basic test set forth in Local Rule 11 is dissimilar from the standard which constituted the target of inquiry in *Bauer* and *Hirschkop.* Instead of a "reasonably-likely-to-interfere-with-a-fair-trial" test, the proscription of Rule 11 is operative when the dissemination of released information "may interfere with a fair trial or otherwise prejudice the due administration of justice."

In determining whether the above-quoted standard satisfies the mandates of the Constitution, it is necessary to consider the basic problems presented by challenges to statutes or rules on First Amendment grounds, i. e., the aspects of vagueness and overbreadth.

■ Where First Amendment interests are at stake, only a precise statute or rule, "evincing a legislative judgment that certain specific conduct [is to] be . . .

proscribed",[2] is permissible. Thus, an enactment is subject to attack for vagueness if its prohibitions are not clearly defined. The basic policies which are furthered by the doctrine of vagueness are: (a) to provide fair warning to those affected by the statute or rule,[3] (b) to prevent discriminatory and arbitrary enforcement by providing clear standards to those who apply them,[4] and (c) to prevent infringements upon constitutionally protected activity.[5] As the Supreme Court stated in *Grayned v. City of Rockford,* 408 U.S. 104, 109, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972):

"[W]here a vague statute 'abut[s] upon sensitive areas of basic First Amendment freedoms', it 'operates to inhibit the exercise of [those] freedoms.' Uncertain meanings inevitably lead citizens to 'steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked." (footnotes omitted).

■ Vagueness and overbreadth are interlapping concepts. The problem of overbreadth is presented when a statute or rule "does not aim specifically at evils within the allowable area of [government control, but . . . sweeps within its ambit other activities that in ordinary circumstances constitute an exercise" of protected expressive rights. *Thornhill v. Alabama,* 310 U.S. 88, 97, 60 S.Ct. 736, 742, 84 L.Ed. 1093 (1940). Thus overbroad laws, like vague ones, deter privileged activity. *Grayned v. City of Rockford,* supra, at p. 114, 92 S.Ct. 2294. In *Shelton v. Tucker,* 364 U.S. 479, 488, 81 S.Ct. 247, 252, 5 L.Ed.2d 231 (1960), the matter of overbreadth was discussed as follows:

"In a series of decisions this Court has held that, even though the governmental purpose be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal

---

2.  *Edwards v. South Carolina,* 372 U.S. 229, 236, 83 S.Ct. 680, 684, 9 L.Ed.2d 697 (1963).

3.  e. g. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972).

4.  e. g. *Coates v. Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).

5.  *Cramp v. Board of Public Instruction,* 368 U.S. 278, 287, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961).

liberties when the end can be more narrowly achieved. The breadth of legislative abridgement must be viewed in the light of less drastic means for achieving the same basic purpose." (footnotes omitted).

■ Guided by these constitutional standards, we agree with Movants that the test incorporated in Rule 11 is too elusive to survive constitutional muster. The phrase "such dissemination [as] *may* interfere with a fair trial or otherwise prejudice the due administration of justice" is even broader and subject to a wider interpretative range than the test invalidated in *Bauer*, supra. By not specifying in an adequately clear fashion what utterances are proscribed, the rule in question fails to provide a fair and reliable warning of its portent. Under the rule's standard, even innocuous and wholly permissible statements "may" be deemed to fall within the ban. See, *Interstate Circuit v. Dallas*, 390 U.S. 676, 684–685, 88 S.Ct. 1298, 20 L.Ed.2d 225 (1968); *Giaccio v. Pennsylvania*, 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966); *Shuttlesworth v. Birmingham*, 382 U.S. 87, 90–91, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965).

In common understanding, the word "may" denotes the broad possibility that something *can* occur. The term expresses contingency. *Black's Law Dictionary* (Fourth Edition). Hence, even remote probabilities can be encased within the concept, regardless of their reasonably likely or imminent effect on the interests sought to be protected by the enactment involved here.

Moreover, because persons faced with the standard of "such dissemination [as] may interfere with a fair trial . . ." can only guess as to what releases will fall under the proscription, there can be little question that they may be deterred from exercising permissible First Amendment rights. See, *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Under these circumstances, we cannot overlook the possibility of an unwarranted chilling effect on legitimate expressive rights, unsusceptible of being effectively removed by case-by-case elucida-

tion. *Dombrowski v. Pfister*, 380 U.S. 479, 487, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

We therefore hold that Rule 11 of the Rules of this Court is facially invalid by reason of its failure to incorporate a sufficiently delineated standard. See, *Chicago Council of Lawyers v. Bauer*, supra; also see, *Eaton v.City of Tulsa*, 415 U.S. 697, 698, 94 S.Ct. 1228, 39 L.Ed.2d 693 (1974); *Bridges v. California*, 314 U.S. 252, 62 S.Ct. 190, 86 L.Ed. 192 (1941); *Chase v. Robson*, 435 F.2d 1059 (C.A. 7, 1970). The Order issued on July 7, 1978 is hereby QUASHED. See, *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419, 91 S.Ct. 1575, 29 L.Ed.2d 1 (1971).

■ Our present holding, however, does not foreclose the exercise of our inherent faculties to preserve the fairness of the trial in this case and the due administration of justice. As the Supreme Court stated in *Sheppard v. Maxwell*, supra:

". . . Due process requires that the accused receive a trial by an impartial jury free from outside influences. Given the pervasiveness of modern communications and the difficulty of effacing prejudicial publicity from the minds of the jurors, the trial courts must take strong measures to ensure that the balance is never weighed against the accused . . *Neither prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function. Collaboration between counsel and the press as to information affecting the fairness of a criminal trial is not only subject to regulation, but is highly censurable and worthy of disciplinary measures."* 384 U.S. at 362, 86 S.Ct. at 1522. (Emphasis added).

Upon considering the circumstances surrounding this case, and giving regard to the paramount right to fairness in the proceedings, the Court hereby ORDERS that the United States Attorney, the Defendants' present and previous attorneys, the Defendants themselves, witnesses, Court staff and United States Marshals shall hereinafter refrain from releasing or authorizing the re-

lease of information or opinion for public dissemination which poses a serious and imminent threat of interference with a fair trial or with the fair administration of justice, concerning the trial, parties or issues in this case. *Chicago Council of Lawyers v. Bauer*, supra, at pp. 255–256.

The present Order is effective immediately. Failure to comply with its terms shall result in the imposition of appropriate sanctions.

IT IS SO ORDERED.