## UNITED STATES

v.

**Brian Patrick REGAN, Defendant.**

**No. CRIM. 01–405–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 10, 2002.

James Clyde Clark, Land, Clark, Carroll & Mendelson PC, Alexandria, VA, Jonathan Shapiro, Law Office of Jonathan Shapiro, Alexandria, VA, Nina J. Ginsberg, DiMuro, Ginsberg & Mook PC, Alexandria, VA, Joseph John McCarthy, Delaney, McCarthy & Colton PC, Alexandria, VA, for Defendant.

Patricia M. Haynes, U.S. Atty's Office, Alexandria, VA, for U.S.

## MEMORANDUM ORDER

LEE, District Judge.

THIS MATTER is before the Court on Defendant's Motion to Dismiss Counts One and Two of the Superseding Indictment on the Grounds that 18 U.S.C. § 794(a) is

unconstitutionally vague. The issue presented is whether the phrase "directly concerned" as set forth in 18 U.S.C. § 794(a) is so devoid of a commonsense meaning that the jury would be incapable of understanding its application to Defendant's alleged conduct.

For the reasons stated in open court on August 8, 2002, and supplemented below, the Court holds that 18 U.S.C. § 794(a) is not unconstitutionally vague.[1] Applying the deferential vagueness review standard under the Eighth Amendment of the Constitution, the Court finds that the terms "directly concerned" have a commonsense meaning that the jury can properly understand and reasonably apply in this case. The Court also finds that Defendant's void-for-vagueness claim falls under the Due Process Clause of the Fifth Amendment as well. Defendant's Due Process claim fails because he had actual notice that the classified information he allegedly sought to transmit "directly concerned" satellite technology and other national security items listed in 18 U.S.C. § 794(a). Accordingly, Defendant's motion is DENIED.

## I. BACKGROUND

### A. Charges against the Defendant.

On August 24, 2001, the Defendant was charged in a criminal complaint with attempted espionage against the United States of America in violation of 18 U.S.C. § 794. Defendant was subsequently indicted on the charge on October 23, 2001. The charges against Defendant in the original indictment basically alleged that Defendant abused his position in the intelligence community by attempting to sell top secret information to Iraq, Libya, and the People's Republic of China. Defendant served in the United States Air Force ("USAF") from August 1980 until August 31, 2000, retiring at the rank of Master Sergeant. During his tenure with the USAF, Defendant specialized in signals intelligence analysis. Specifically, from 1991 to 1994, Defendant worked at the Air Force Intelligence Support Group at the Pentagon targeting the communications systems of military adversaries of the United States and later as an Air Defense Analyst.

From July 1995 until August 31, 2000, Defendant was detailed to the headquarters of the National Reconnaissance Office ("NRO"). The NRO is responsible for building and operating the United States reconnaissance satellites. Defendant was assigned to the Signals Intelligence Applications Integration Office of the NRO, which is responsible for focusing signals intelligence support for tactically deployed military units. After leaving the USAF in August 2000, Defendant became employed by TRW Incorporated ("TRW"). In that capacity, he served as a contract employee to the NRO. In July 2001, Defendant began his TRW assignment at the NRO.

The original indictment alleged that beginning in mid–1999 Defendant accessed Intelink while at the NRO to obtain classified intelligence information relating to the military preparedness of Iran, Iraq, Libya, and China. Intelink is the United States Intelligence Community's classified version of the Internet, and can be accessed only by persons with appropriate security clearance. In August 2001, the indictment alleges that Defendant again accessed Intelink while working for TRW on his NRO

---

1. At the hearing on August 8, 2002, the Court also addressed Defendant's vagueness challenge to the statutory aggravating factors raised in Defendant's Omnibus Motion Concerning the Federal Death Penalty Act. The Court's written ruling on that issue will be set forth in the forthcoming Memorandum Order addressing the arguments raised in Defendant's Omnibus Motion.

assignment. During the month of August, Defendant allegedly accessed and viewed classified information relating to military facilities in Iraq, Iran, Libya, and China, as well as classified documents relating to current United States intelligence collection capabilities against those nations. The indictment alleges that Defendant was subsequently arrested at Dulles International Airport on August 23, 2001, en route to Europe. Defendant was apprehended with the addresses of the Chinese embassies in Bern, Switzerland, and Vienna, Austria, as well as the Iraqi embassy in Vienna and the Iraqi Interests Section in Paris, France.

On February 14, 2002, the Government filed a four-count superseding indictment against Defendant. The superseding indictment alleges three counts of Attempted Espionage under 18 U.S.C. § 794(a). The three counts charge Attempted Espionage with the intent to injure the United States and advantage Iraq (Count One), Libya (Count Two), and China (Count Three). The superseding indictment also charges a count of Gathering National Defense Information in violation of 18 U.S.C. § 793 (Count Four). Notably, the superseding indictment refers to the discovery of letters on Defendant's computer allegedly drafted by Defendant to high-ranking government officials of Iraq and Libya, including the countries' respective leaders, Saddam Hussein and Muammar Qadhafi. These letters offered to sell top secret information to Iraq and Libya, including information involving United States aircraft flying in the No–Fly Zone over Northern Iraq.

### B. The Death Penalty Notice.

On April 19, 2002, pursuant to the Federal Death Penalty Act, 18 U.S.C. §§ 3591–3598 ("FDPA"), the Government filed a notice of intent to seek the death penalty in this case. The notice alleges two statutory aggravating factors and twenty-four non-statutory aggravating factors, justifying the death penalty on Count One, Attempted Espionage with the intent to injure the United States and advantage Iraq, and Count Two, Attempted Espionage with the intent to injure the United States and advantage Libya. The two statutory aggravating factors set forth in the notice are (a) that "[i]n the commission of the offense the defendant knowingly created a grave risk of substantial danger to the national security," and (b) that "[i]n the commission of the offense the defendant knowingly created a grave risk of death to another person." 18 U.S.C. § 3592(b)(2)–(3). In light of the Supreme Court's decision in *Ring v. Arizona*, —— U.S. ——, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), the Government filed another superseding indictment on July 24, 2002, re-alleging Counts One through Four and including the two statutory factors set forth in the death penalty notice.

Defendant filed several motions seeking to strike the death penalty provisions of the superseding indictment and attacking the constitutionality of the FDPA on its face and as applied. Among the various motions filed, Defendant moves to dismiss Counts One and Two of the superseding indictment on the grounds that 18 U.S.C. § 794(a) is unconstitutionally vague. In particular, Defendant argues that the phrase "directly concerned" as used in the statute is void for vagueness under the Due Process Clause of the Fifth Amendment. Defendant maintains that the terms "directly concerned" are fatally ambiguous because they fail to specify to what extent an item of information must "directly concern" satellites, early warning systems, or other means of defense or retaliation to be criminal. The Government responds that Defendant's vagueness challenge is more properly assessed under the Eighth Amendment, rather than the Fifth. In any event, the Government

maintains that the term "directly concerned" is not unconstitutionally vague under either theory.

## II. DISCUSSION

### A. Vagueness Challenges under the Constitution.

 Vagueness challenges to death penalty aggravating factors are analyzed under the Eighth Amendment. *Maynard v. Cartwright,* 486 U.S. 356, 361–62, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). Aggravating factors need to be clear to properly channel and limit the jury's discretion in imposing the death penalty. *Id.* The Court's vagueness review relies on the commonsense meaning of terms that criminal juries should be capable of understanding. *Tuilaepa v. California,* 512 U.S. 967, 973, 114 S.Ct. 2630, 129 L.Ed.2d 750 (1994) (citing *Jurek v. Texas,* 428 U.S. 262, 279, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976) (White, J., concurring in judgment)). The Supreme Court has long held that death penalty "vagueness review is quite deferential." *Tuilaepa,* 512 U.S. at 973, 114 S.Ct. 2630 (citing *Walton v. Arizona,* 497 U.S. 639, 655, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990)).

 Vagueness challenges can also be made under the Due Process Clause of the Fifth Amendment. *Cf. City of Chicago v. Morales,* 527 U.S. 41, 52–56, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (applying Due Process Clause of Fourteenth Amendment to determine whether city ordinance is void for vagueness); *Kolender v. Lawson,* 461 U.S. 352, 353–58, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) (applying Due Process Claim of Fourteenth Amendment to determine whether state law is void for vagueness). A fundamental tenet of Due Process is that no one may be required at "peril of life, liberty or property to speculate as to the meaning of penal statutes." *Lanzetta v. New Jersey,* 306 U.S. 451, 453, 59 S.Ct. 618, 83 L.Ed. 888 (1939). A law

fails to meet the requirements of Due Process "if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits." *Giaccio v. Pennsylvania,* 382 U.S. 399, 402, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966). Vagueness can potentially encourage arbitrary and discriminatory enforcement of laws. *See Kolender,* 461 U.S. at 357, 103 S.Ct. 1855. When a vagueness challenge to a statute does not involve First Amendment freedoms, the constitutional attack is examined as applied to the facts of the case. *See United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975) (citing *United States v. Nat'l Dairy Prods. Corp.,* 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963)).

### B. Application to Defendant's Vagueness Challenge.

 18 U.S.C. § 794(a) is not unconstitutionally vague. Section 794(a) provides in pertinent part:

Whoever, with intent or reason to believe that it is to be used to the injury of the United States or to the advantage of a foreign nation, communicates, delivers, or transmits, or attempts to communicate, deliver, or transmit, to any foreign government, . . ., either directly or indirectly, any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, note, instrument, appliance, or information relating to the national defense, *shall be punished by death . . . except that the sentence of death shall not be imposed unless the jury* or, if there is no jury, the court, *further finds that the offense . . . directly concerned nuclear weaponry, military spacecraft or satellites,* early warning systems, or other means of defense or retaliation against large-scale attack; war plans; communications intelligence or cryptographic information; or any other major

weapons system or major element of defense strategy.

(Emphasis added.) Under section 794(a), a defendant convicted of attempted espionage is death eligible if the material transmitted "directly concerned" nuclear weapons, satellites, war plans or other classified national security information identified in section 794(a).

Applying an Eighth Amendment vagueness review analysis, the Court finds that section 794(a) is not unconstitutionally vague. The commonsense meaning of the terms "directly concerned" is clear. The dictionary defines the adverb "directly" as "straightforward" or "without intervening persons, conditions, or agencies." *The American Heritage Dictionary* 400 (2d College ed.1991). The dictionary defines "concern" as "to pertain or relate to." *Id.* at 304. Under the plain "directly concerned" language of section 794(a), the jury must determine whether the information Defendant allegedly sought to transmit was related to one of the national security issues listed in a straightforward manner. Defendant's contention that the statute must state the issue with greater specificity is meritless. The " 'proper degree of definition' of eligibility ... factors often 'is not susceptible of mathematical precision.' " *Tuilaepa,* 512 U.S. at 973, 114 S.Ct. 2630 (quoting *Walton,* 497 U.S. at 655, 110 S.Ct. 3047). For purposes of vagueness analysis under the Eighth Amendment, "a factor is not unconstitutional if it has some common-sense core of meaning ... that criminal juries should be capable of understanding." *Tuilaepa,* 512 U.S. at 973–74, 114 S.Ct. 2630 (citations and internal quotations omitted). There is

no basis to conclude that a jury would be incapable of understanding that Defendant shall be eligible for the death sentence only if the information he sought to transmit "directly concerned" one of the national security items specifically listed in section 794(a).[2]

 Defendant's vagueness challenge falls under a Due Process Clause analysis as well. A vagueness challenge under the Due Process Clause focuses on the lack of notice in the statute as to what conduct is criminal and what is not. *Maynard,* 486 U.S. at 361, 108 S.Ct. 1853. Because Defendant's vagueness challenge does not involve any First Amendment freedoms,[3] it must be examined as applied.

Here, Defendant had actual notice that his crime was punishable by death. First, Defendant is a retired USAF Master Sergeant who specialized in signals intelligence analysis. After retiring from the USAF, he began work for the NRO. From 1980, the time he joined the USAF, to August 2001, the time of his arrest, Defendant held a TOP SECRET security clearance and was briefed on several Sensitive Compartmented Information ("SCI") programs. Defendant was ostensibly familiar with the rules and regulations surrounding the maintenance of classified information, including 18 U.S.C. § 794(a). For instance, the superseding indictment alleges that on July 31, 1995, Defendant signed an SCI Nondisclosure Agreement in which he acknowledged that the direct or indirect unauthorized disclosure by him of this information could cause "irreparable injury" to the United States. Second, in the letters to the leaders of Iraq and Libya alleg-

---

**2.** The Court notes that any residual vagueness concerns that may arise during trial can be more than adequately addressed by fashioning the appropriate jury instructions.

**3.** It is well established that the "communication to a foreign government of secret materi-

al connected with the national defense can by no far-fetched reasoning be included within the area of First–Amendment protected free speech." *United States v. Rosenberg,* 195 F.2d 583, 591 (2d Cir.), *cert. denied,* 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 652 (1952).

edly recovered from the Defendant's computer, Defendant explicitly stated that his crime was punishable by death.

Any reasonable person under these circumstances would understand that the materials Defendant allegedly attempted to transmit "directly concerned" several of the national security items listed in section 794(a). The superseding indictment alleges that Defendant attempted to sell Iraq the "JTENS Manual." Defendant described this document in the letters allegedly retrieved from his computer as "top secret" and claimed that it would provide Iraq with "highly secretive information." The superseding indictment also alleges that Defendant attempted to sell Iraq a list of the actual locations and orbits of all United States spy satellites. Defendant therefore had notice that the information he allegedly attempted to transmit "directly concerned" national security issues, such as satellites, early warning systems, and communications intelligence information listed in section 794(a).

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss Counts One and Two of the Superseding Indictment on the Grounds that 18 U.S.C. § 794(a) is Unconstitutionally Vague is DENIED.

The Clerk is directed to forward a copy of this Order to counsel.