**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Terry DAHL, Defendant—Appellant.**

No. 01–50730.
D.C. No. CR–00–00876–CAS–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2002.*

Decided Oct. 11, 2002.

Before REINHARDT, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM**

After receiving numerous notices of non-compliance from the United States Forest Service ("USFS"), Terry Dahl was cited for failure to pay the $5.00 fee required to park for recreational purposes in the Southern California National Forests. He was tried and convicted of violating 36 C.F.R. § 261.15, and ordered to pay a special assessment of $10.00 and restitution of $5.00. On appeal, he challenges USFS's authority to charge a recreational fee on numerous grounds. We have jurisdiction, 28 U.S.C. § 1291, and affirm, but remand for the limited purpose of amend-

---

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing Dahl's judgment of conviction to reflect that his conviction is for an Infraction, and not a Class B Misdemeanor. The parties are familiar with the facts and procedural history of the case, and therefore we will not detail them here except as necessary.

Dahl first argues that USFS's decision to designate all four National Forests in Southern California "as one area for purposes of implementing its program" "appears contrary on its face to Congressional intent." However, Dahl provides no support for the fact that all four Southern California forests are not one "area," or why, if they are not, this is contrary to the intent of Congress.

Dahl next contends that there is a conflict between the Recreational Fee Demonstration Program, Pub. L. No. 104–134, § 315, 110 Stat. 1321, 200–02 (codified as amended as a note to 16 U.S.C. § 460*l*–6a (1996)), and 16 U.S.C. § 460*l*–6a. We see no conflict. The Program expressly provides for the collection of fees "notwithstanding any other provision of law." *Id.* § 315(b).

Dahl argues that areas chosen for the Program were not designated pursuant to the substantive selection criteria in § 460*l*–6a. There is no evidence, though, that Congress intended the area selection requirements of 16 U.S.C. § 460*l*–6a(a) to apply to Fee Demonstration areas under the Program. Dahl also argues that the "notwithstanding" language of § 315(b) impermissibly creates an implied repeal or amendment of § 460*l*–6a. However, we read the language allowing the USFS to collect fees under the Program "notwithstanding any other provision of law," *id.*, to mean just what it says—that the fee collection guidelines that follow are not subject to the constraints of other laws, including those of § 460*l*–6a. Lastly, Dahl argues that he cannot be prosecuted for violation of 36 C.F.R. § 261.15, because this regula-

tion was enacted pursuant to § 460*l*–6a, and the Program is not bound by § 460*l*–6a's terms. Section 261.15 sets forth a penalty for "[f]ailing to pay any fee" and is applicable to Dahl's conduct.

Dahl raises two additional arguments addressing improper delegation and vagueness. First, he asserts that Congress provided the USFS with no guidelines and entrusted it with too much discretion, especially in light of the Program's ban on rulemaking. § 315(e). In light of the detailed language governing how the Program is to operate, we find clear principles set forth to guide the USFS and no impermissible delegation of power. *See Whitman v. American Trucking Assocs.,* 531 U.S. 457, 472–76, 121 S.Ct. 903, 149 L.Ed.2d 1 (2001) (noting that Congress delegates constitutionally when it "lay[s] down by legislative act an intelligible principle to which the person or body authorized to [act] is directed to conform.") (quoting *J.W. Hampton, Jr., & Co. v. United States,* 276 U.S. 394, 409, 48 S.Ct. 348, 72 L.Ed. 624 (1928)).

■ Second, Dahl argues that his conviction is invalid because the term "recreation" is unconstitutionally vague. We disagree. The term "recreation," especially as applied to mountain biking, is by no means "so vague and standardless that it leaves the public uncertain as to" what is prohibited. *City of Chicago v. Morales,* 527 U.S. 41, 56, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (quoting *Giaccio v. Pennsylvania,* 382 U.S. 399, 402–403, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966)). It therefore does not offend due process.

■ Dahl raises one final argument which has merit. He contends that he cannot be convicted of a class B Misdemeanor. We agree. Dahl was convicted under 36 C.F.R. § 261.15. The regulation's enabling statute, 16 U.S.C. § 460*l*–6a(e), specifies that "violations of the rules and regulations issued under this subsection

shall be punishable by a fine of not more than $100." Consistent with the enabling statute, Section 261.15 imposes a $100 fine. Legislative history cited by the government only reflects Congressional intent to authorize fines, not incarceration. An offense for which no imprisonment is authorized is classified as an Infraction. 18 U.S.C. § 3559(a)(9). Consequently, Dahl is correct that he could only be convicted of an Infraction, and not a Class B Misdemeanor. We therefore remand for the limited purpose of directing the district court to amend the judgment to reflect a conviction for an Infraction, and not a Class B Misdemeanor.

AFFIRMED in part and REMANDED in part.