1

# SUPREME COURT OF THE UNITED STATES

## MONICA TOTH *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

No. 22–177.  Decided January 23, 2023

The petition for a writ of certiorari is denied.

JUSTICE GORSUCH, dissenting from the denial of certiorari.

In the 1930s, Monica Toth's father fled his home in Germany to escape the swell of violent antisemitism.  Eventually, he found his way to South America, where he made a new life with his young family and went on to enjoy a successful business career in Buenos Aires.  But perhaps owing to his early formative experiences, Ms. Toth's father always kept a reserve of funds in a Swiss bank account.  Shortly before his death, he gave Ms. Toth several million dollars, also in a Swiss bank account.  He encouraged his daughter to keep the money there—just in case.

Ms. Toth, now in her eighties and an American citizen, followed her father's advice.  For several years, however, she failed to report her foreign bank account to the federal government as the law requires.  31 U. S. C. §5314.  Ms. Toth insists this was an innocent mistake.  She says she did not know of the reporting obligation.  And when she learned of it, she says, she completed the necessary disclosures.

The Internal Revenue Service saw things differently.  Pursuant to §5321, the agency charged Ms. Toth with willfully violating §5314's reporting requirement and assessed a civil penalty of $2.1 million—half of the balance of Ms. Toth's account—plus another $1 million in late fees and interest.  Initially, Ms. Toth sought to represent herself in proceedings challenging the IRS's assessment, but that did not go well.  Later, Ms. Toth engaged counsel who argued

that the IRS's assessment violated the Excessive Fines Clause of the Eighth Amendment. But the First Circuit rejected this line of defense. It held that the Constitution's protection against excessive fines did not apply to Ms. Toth's case because the IRS's assessment against her was "not tied to any criminal sanction" and served a "remedial" purpose. 33 F. 4th 1, 16, 17–19 (2022).

This decision is difficult to reconcile with our precedents. We have recognized that the Excessive Fines Clause "traces its venerable lineage" to Magna Carta and the English Bill of Rights. *Timbs* v. *Indiana*, 586 U. S. ___, ___–___ (2019) (slip op., at 4–5). We have held that "[p]rotection against excessive punitive economic sanctions" is "'fundamental'" and "'deeply rooted in this Nation's history and tradition.'" *Id.,* at ___ (slip op., at 7). And all that would mean little if the government could evade constitutional scrutiny under the Clause's terms by the simple expedient of fixing a "civil" label on the fines it imposes and declining to pursue any related "criminal" case. Far from permitting that kind of maneuver, this Court has warned the Constitution guards against it. See *Austin* v. *United States*, 509 U. S. 602, 610 (1993) ("[T]he question is not, as the United States would have it, whether [a monetary penalty] is civil or criminal, but rather whether it is punishment."); see also *Giaccio* v. *Pennsylvania*, 382 U. S. 399, 402 (1966); *Sessions* v. *Dimaya*, 584 U. S. ___, ___ (2018) (GORSUCH, J., concurring in part and concurring in judgment) (slip op., at 10).

Nor is a statutory penalty beneath constitutional notice because it serves a "remedial" purpose. Really, the notion of "nonpunitive penalties" is "a contradiction in terms." *United States* v. *Bajakajian*, 524 U. S. 321, 346 (1998) (Kennedy, J., dissenting). Just take this case. The government did not calculate Ms. Toth's penalty with reference to any losses or expenses it had incurred. The government imposed its penalty to punish her and, in that way, deter others. Even supposing, however, that Ms. Toth's penalty bore

both punitive and compensatory purposes, it would still merit constitutional review. Under our cases a fine that serves even "*in part* to punish" is subject to analysis under the Excessive Fines Clause. *Austin*, 509 U. S., at 610 (emphasis added).

Ms. Toth and her *amici* identify still more reasons to worry about the First Circuit's decision. They say it clashes with the approach many other courts have taken in similar cases. Pet. for Cert. 18–25 (collecting cases). They observe that it incentivizes governments to impose exorbitant civil penalties as a means of raising revenue. *Id.*, at 25–30. And they contend that it is difficult to square with the original understanding of the Eighth Amendment. Brief for Professor Beth A. Colgan as *Amicus Curiae* on Pet. for Cert. 4–13. For all these reasons, taking up this case would have been well worth our time. As things stand, one can only hope that other lower courts will not repeat its mistakes.