**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gary Charles ISAACS,
Defendant-Appellant.**

**No. 76–1035.**

United States Court of Appeals,
Ninth Circuit.

Aug. 5, 1976.

---

David A. Thorner, Yakima, Wash., for defendant-appellant.

Dean C. Smith, U. S. Atty., and Robert S. Linnell, Asst. U. S. Atty., Spokane, Wash., for plaintiff-appellee.

## OPINION

Before ELY and GOODWIN, Circuit Judges, and SMITH,* District Judge.

RUSSELL E. SMITH, District Judge:

The defendant was convicted of making a false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). At the time of the purchase defendant had been charged with the crime of second degree assault by an information filed in Superior Court of Yakima County, Washington, and then pending. The penalty for second degree assault may exceed one year in prison. The defendant signed Form 4473, part of which contained a question and answer as follows:

a. Are you under indictment in any court for a crime punishable by imprisonment for a term exceeding one year? <u>NO</u>.

The Government form contains no definition of the word "indictment" nor does it contain anything else which touches on the meaning of the word. The sale by a licensed dealer of a firearm to a person who has been indicted may be a crime under Section 922(d)(1) and a false answer to the question of whether the purchaser was under indictment would deceive a licensed dealer as to the lawfulness of the sale. That deception is the crime charged here under Section 922(a)(6).

18 U.S.C. § 921(a)(14) provides:

The term "indictment" includes an indictment or information in any court un-

* The Honorable Russell E. Smith, United States District Judge for the District of Montana, sitting by designation.

der which a crime punishable by imprisonment for a term exceeding one year may be prosecuted.

27 C.F.R. § 178.11 provides in part:

§ 178.11 Meaning of terms.

When used in this part and in forms prescribed under this part . . .

\* \* \* \* \* \*

*Indictment.* Includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding 1 year may be prosecuted.

The question which we deem to be dispositive of the case is whether the defendant made a false statement.[1] We think that he did not.

An indictment is not an information. The processes leading to the issuance of each are different. One involves a grand jury; the other does not. The dictionaries maintain this distinction. Thus, Webster's Third New International Dictionary (1966) defines "information" as

. . . a formal accusation of a crime made by a prosecuting officer on information brought to his attention as distinguished from an indictment presented by a grand jury.

Bouvier's Law Dictionary, vol. 1, 3d rev. (1914), in the first paragraph of a substantial treatment of the word "indictment," reads:

INDICTMENT. A written accusation against one or more persons of a crime or misdemeanor, presented to, and preferred upon oath or affirmation by, a grand jury legally convoked . . . . .

The subsequent text contains no modification of that meaning.

The word "indictment" in its primary meaning—in its precise meaning—does not encompass the word "information."

The United States relies on *Schook v. United States*, 337 F.2d 563 (8th Cir. 1964), which sustained the conviction of a person who had been charged by information with the crime of burglary for the violation of a law forbidding an indicted person from transporting a firearm in interstate commerce. The court said that the word had two meanings and, by looking at the congressional purpose, it was able to hold that Congress used the word in a broad, general sense. To the same effect see *Quinones v. United States*, 161 F.2d 79 (1st Cir. 1947), cert. denied, 331 U.S. 833, 67 S.Ct. 1513, 91 L.Ed. 1846 (1947); and *Cases v. United States*, 131 F.2d 916 (1st Cir. 1942), cert. denied sub nom. *Valazquez v. United States*, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1942).

When the defendant said that he had not been indicted, he told the literal truth if the word is taken in the sense in which it is most commonly used and in the sense in which it is precisely used.

■ We hold that, if a word has two meanings and if the answer to a question is literally true under one meaning of a word, the answer cannot be said to be false because, by some process of interpretation, including the determination of congressional purpose, a second meaning might be given to the word.

■ It may be that what is said here is logically inconsistent with the holding in *Schook*, to the effect that a statute using the word "indictment" to embrace the word "information" does not lack clarity, and with the implication in *Schook* that the statute there under consideration[2] was not sufficiently vague to violate the requirements of due process.[3] If there is such a

---

1. This question was not brought to the attention of the trial court nor was it discussed by either side in the initial briefs. We think the record discloses plain error which we may notice under Fed.R.Crim.P. 52(b). The court ordered that briefs devoted to this problem be filed, and those briefs have been filed.

2. The Act under consideration here does, of course, give its own definition of the word "indictment."

3. *Giaccio v. Pennsylvania*, 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966).

necessary inconsistency, then we reject the reasoning of *Schook* to the extent of that inconsistency.

The judgment is reversed with directions to dismiss the indictment.

ALFRED T. GOODWIN, Circuit Judge (specially concurring):

I concur, but I believe that the record would justify a finding that Isaacs intended to deceive the seller, and I am satisfied that Isaacs is just the sort of person Congress had in mind when it enacted the statute. However, we are not at liberty to rewrite an act of Congress; and Isaacs had not been "indicted". This is not a case in which we can read into the pending indictment the statutory definition; nor can we say that "ignorance of the law is no excuse." The government has not alleged that Isaacs knew or consciously avoided knowing that "indictment includes information." *Cf., United States v. Jewell*, 532 F.2d 697 (9th Cir. 1976) (en banc). Without some such allegation, there is no charge with matching proof that Isaacs knew he was speaking falsely.

The *mens rea* requirement of 18 U.S.C. § 922(a)(6), *i. e. knowingly* making a false statement, distinguishes this case from *Schook v. United States*, 337 F.2d 563 (8th Cir. 1964), and other "transportation of firearms" cases. Under the statutes involved in those cases, it was not critical to conviction for the accused to have actually known that reference to an "indictment" also covered an "information". It is simply not necessary to question the logic of *Schook* in order to reverse Isaacs' conviction.