**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BARRY P. FILLMAN,

    Defendant-Appellant,

No. 98-3036

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 96-CR-10003)

---

**On the briefs:**

Jerome R. Jones, Wichita, Kansas, for Defendant-Appellant.

Jackie N. Williams, United States Attorney (Michael G. Christensen, Asst. U.S. Attorney, with him on the brief), Wichita, Kansas, for Plaintiff-Appellee.

---

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Appellant Barry P. Fillman was convicted of possessing explosive materials while under indictment, in violation of 18 U.S.C. § 842(i). He contends that the statute does not cover his conduct because he was not "under indictment," having been charged by information. We conclude Congress intended to prohibit both those charged by indictment and those charged by information from possessing explosives. We therefore affirm Mr. Fillman's conviction.[1]

**I.**

On June 30, 1995, police executed a search warrant at Mr. Fillman's home and found three 90 gram high explosive cast boosters. At the time, Mr. Fillman had been charged by complaint/information in state court with a felony punishable by a term a term exceeding one year.

A grand jury indicted Mr. Fillman for violating 18 U.S.C. § 842(i). The statute in question provides, in part, that "[i]t shall be unlawful for any person . . . who is under indictment for . . . a crime punishable by imprisonment for a term exceeding one year . . . to receive or possess any explosive which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 842

---

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

(i) (1994). The term "indictment" is not defined in the statute.

Prior to trial, Mr. Fillman moved to dismiss this count, claiming that the statute covered only those who possessed an explosive after being charged by indictment, not by information. The district court denied his motion, and a jury found him guilty as charged.

## II.

We review de novo the district court's interpretation of a federal statute. See Southern Ute Indian Tribe v. Amoco Prod. Co., 151 F.3d 1251, 1256 (10th Cir. 1998) (quoting Utah v. Babbitt, 53 F.3d 1145, 1148 (10th Cir. 1995)); FDIC v. Lowery, 12 F.3d 995, 996 (10th Cir. 1993). Mr. Fillman argues that the plain meaning of "indictment" covers only those charged by grand jury, and that the statute therefore unambiguously excludes those charged by information. It is true that the primary dictionary definition of "indictment" comports with Mr. Fillman's interpretation. See BLACK'S LAW DICTIONARY 772 (6th ed. 1990); RANDOM HOUSE UNABRIGED DICTIONARY 972 (2d ed. 1993); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1150 (1981). However, a secondary definition of "indict" is "to charge with an offense or crime." RANDOM HOUSE UNABRIDGED DICTIONARY 972. Moreover, courts have interpreted the term "indictment" in a similar statute to include an information, see Schook v. United States, 337 F.2d

-3-

563, 567-68. (8th Cir. 1964) ("There is no essential difference in the function or consequence of an 'indictment' and an 'information'."); Quinones v. United States, 161 F.2d 79, 81 (1st Cir. 1947),[2] and Congress has similarly defined "indictment" in a related context, see 18 U.S.C. § 921(a)(14) (1994).[3]

Adopting Mr. Fillman's interpretation of the statute would lead to serious inconsistencies in the law's application between states that charge by grand jury and those that charge by information. It seems very unlikely that Congress intended to create such a discrepancy. See Schook, 337 F.3d at 567-68; Quinones, 161 F.2d at 81 ("With the object in mind of grouping together . . . potentially dangerous persons it seems hardly likely that Congress intended to differentiate between those legally suspect because under indictment by grand

_____

[2]In both Schook v. United States, 337 F.2d 563 (8th Cir. 1964), and Quinones v. United States, 161 F.2d 79 (1st Cir. 1947), the court construed 15 U.S.C. § 902 (e) which prohibited a person under indictment for a crime punishable for a term exceeding one year from transporting firearms. In 1968, Congress repealed that statute and enacted 18 U.S.C. § 922 to cover, inter alia, that conduct. See Pub. L. No. 90-618, 82 Stat. 1213 (codified at 18 U.S.C. § 922 (1994)). Congress also explicitly defined "indictment" in that statute to include "information." 18 U.S.C. § 921 (a)(14). As we discuss *infra*, it is section 922 which is in pari materia with section 842, the provision under which Mr. Fillman is charged.

[3]In United States v. Isaacs, 539 F.2d 686 (9th Cir. 1976), the court held that a defendant who had been charged by information had not made a false statement when he denied being "under indictment." Id. at 688. The relevant statute required that the defendant know he was speaking falsely (that "indictment" included the term "information") in order for him to violate the law. See id. at 689 (Goodwin, J., concurring). In this case, as well is in Schook and Quinones, no such requirement exists. Isaacs is therefore distinguishable. See id.

jury and those legally suspect because an information had been filed against them by a prosecuting attorney."). We therefore disagree with Mr. Fillman's contention that section 842 (i) unambiguously applies only to those who have previously been charged by a grand jury.

This interpretation finds support in the rule of statutory construction that we may look at related statutes, that is, those laws that are in pari materia with 18 U.S.C. § 842, in order to ascertain Congress' intent. See 2B NORMAN J. SINGER, SUTHERLAND'S STATUTORY CONSTRUCTION § 51.02 (5th ed. 1992). This rule "assumes that whenever Congress passes a new statute, it acts aware of all previous statutes on the same subject." Erlenbaugh v. United States, 409 U.S. 239, 244 (1972); see, e.g., United States v. Phommachanh, 91 F.3d 1383, 1386 (10th Cir. 1996) (construing 18 U.S.C. § 3583(d) in pari materia with 8 U.S.C. § 1251, as both statutes relate to aliens possibly subject to deportation); Rocky Mountain Oil & Gas Ass'n v. Watt, 696 F.2d 734, 748 (10th Cir. 1982).

Here, 18 U.S.C. § 842(i) is in pari materia with 18 U.S.C. §922(n), which is the current version of a statute enacted prior to section 842(i). Both provisions are part of broader laws that regulate explosive materials, and both specifically prohibit persons under indictment from shipping, transporting or receiving explosives shipped in interstate commerce. Compare 18 U.S.C. § 842 (i) with 18

U.S.C. § 922(n) (1994).[4]  There is one key difference:  Congress defined

"indictment" in the latter statute.  "The term 'indictment' includes an indictment

or information in any court under which a crime punishable by imprisonment for a

term exceeding one year maybe prosecuted."[5]  18 U.S.C.

§ 921(a)(14) (1994).  Because the two statutes are in pari materia, we rely on this

definition in construing 18 U.S.C. § 842(i).  To do otherwise would "emasculate

Congress' purpose" of protecting the public from explosive materials.  Schook,

337 F.2d at 567.  We hold that section 842(i) covers those persons charged by

information, including Mr. Fillman.

Mr. Fillman contends we should apply the rule of lenity if we find the

statute ambiguous.  This rule "requires that unclear penal statutes must be

construed in favor of the accused."  Mahn v. Gunter, 978 F.2d 599, 601 (10th Cir.

1992).  However, "[t]he rule's application is limited to cases where, after

reviewing all available relevant materials, the court is still left with an ambiguous

---

[4]  18 U.S.C.§ 922(n) is a subpart of Chapter 44 which regulates firearms, including explosive devices.  See 18 U.S.C. § 921(a)(4)(A).

[5]  The definition of "indictment" to include "information" has remained unchanged since Congress defined the term in 1968.  See 18 U.S.C. § 921 (a) (14) (1994).  However, Congress has altered other subsections.  When 18 U.S.C. § 842(i) was enacted into law in 1970, it was most similar to 18 U.S.C. § 922 (h), which was passed in 1968.  This provision made it unlawful for any person under indictment to receive firearms that had been shipped in interstate commerce.  In 1986, Congress amended the Act, and now section 922(n) instead of section 922 (h) regulates that conduct.  See Pub. L. No. 99-308 § 102, 100 Stat. 452 (codified as amended at 18 U.S.C. § 922 (1994)).

statute." United States v. Wilson, 10 F.3d 734, 736 (10th Cir. 1993) (citing Smith v. United States, 508 U.S. 223, 239(1993)); see also Mahn, 978 F.2d at 601. Section 842(i)'s most logical construction is also that supported by relevant material, i.e., the definition of indictment in section 921(a) to include an information. Consequently, we see no need to resort to the rule of lenity.

## III.

Because we conclude that 18 U.S.C. § 842 (i) applies to Mr. Fillman , we **AFFIRM** his conviction.[6]

---

[6]In a supplemental pro se brief on appeal, Mr. Fillman contends the government violated 18 U.S.C. § 201(c)(2) by promising leniency to a witness in the case in exchange for his testimony. We do not consider issues raised for the first time on appeal. See Pierce v. Shorty Small's of Branson, Inc., 137 F.3d 1190, 1192 (10th Cir. 1998).