F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

DAVID LEE QUATE,

    Petitioner-Appellant,

v.

STEVE HARGETT; ATTORNEY GENERAL
OF THE STATE OF OKLAHOMA,

    Respondents-Appellees.

No. 98–6366
(W.D. Okla.)
(D.Ct. No. CV-97-1546-R)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant David Lee Quate, a *pro se* state inmate, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d). We deny Mr. Quate's certificate of appealability and dismiss the appeal.

On July 6, 1993, an Oklahoma state district court sentenced Mr. Quate to two consecutive twenty-year terms in prison based on his conviction on two counts of committing lewd and indecent acts with a minor child. On May 31, 1995, Oklahoma Court of Criminal Appeals affirmed the conviction on direct appeal. Mr. Quate subsequently applied for post-conviction relief, and on July 9, 1996, the state district court denied relief. On September 23, 1996, the Oklahoma Court of Criminal Appeals affirmed the state district court's denial of post-conviction relief. The United States Supreme Court denied Mr. Quate's petition for a writ of certiorari for post-conviction review. *Quate v. Oklahoma*, 519 U.S. 1063 (1997).

On September 24, 1997, Mr. Quate filed his § 2254 petition with the district court. After the government filed a motion to dismiss Mr. Quate's petition as time-barred, Mr. Quate filed a response explaining he failed to timely file his § 2254 petition because of his *pro se* status, ineffective assistance of his

trial and appellate attorneys in not promptly notifying him of the Oklahoma Court of Appeals decision, and his inability to access "facilities" during certain hours, holidays and weekends, due to his incarceration.

The district court, based on the recommendation of a magistrate judge, denied Mr. Quate's petition as time-barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d). The district court concluded that under the Anti-Terrorism and Effective Death Penalty Act of 1996, §§ 2241, *et. seq.* Mr. Quate's deadline for filing his petition was April 23, 1997 and could be tolled only for the period in which he pursued state post-conviction relief. 28 U.S.C. §§ 2244(d)(1) & (2). Because an appeal to the Supreme Court is unnecessary in exhausting state post-conviction remedies for the purposes of § 2254, the district court concluded Mr. Quate's petition for writ of certiorari to the United States Supreme Court did not toll the limitation period. Instead, the district court determined the limitation period could be tolled for only 118 days – the time between Mr. Quate's filing of a state application for post-conviction review on May 28, 1996 and September 23, 1996, when the Oklahoma Court of Criminal Appeals affirmed the Oklahoma district court's decision to deny post-conviction relief. Adding 118 days to the statutory deadline of April 23, 1997, the district court determined Mr. Quate did not file his petition within the allowable grace period, *i.e.*, on or before August

19, 1997. The district court further concluded Mr. Quate failed to show any reason justifying the equitable tolling of the filing period.

On appeal, Mr. Quate asserts the district court erred in not tolling the deadline for the period during which the United States Supreme Court considered and denied his writ of certiorari. He also requests the equitable tolling of the deadline based on the Oklahoma Department of Corrections' alleged failure to equip its library with various legal books and a current volume of the United States Code containing the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996.

We review *de novo* both the district court's interpretation of § 2244(d), *see United States v. Fillman*, 162 F.3d 1055, 1056 (10th Cir. 1998), and its legal basis for dismissal of Mr. Quate's habeas corpus petition. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998). Under 28 U.S.C. § 2244, a one-year period of limitation exists for filing habeas corpus petitions. *See* 28 U.S.C. § 2244(d)(1); *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998). For prisoners like Mr. Quate, whose conviction became final before April 24, 1996, the one-year statute of limitations begins on April 24, 1996. *Hoggro,* 150 F.3d at 1225. Thus, the district court correctly determined Mr. Quate's

petition became due April 23, 1997, absent tolling of the limitation period. Under § 2244, we toll the one-year limitation period for any time Mr. Quate spent seeking state post-conviction relief. *Id.* at 1226 (citing 28 U.S.C. § 2244(d)(2)). The issue is whether the time Mr. Quate spent seeking writ of certiorari review before the United States Supreme Court is considered part of the state post-conviction relief, thereby tolling the limitation period under § 2244(d)(2).

When interpreting a statute, we first examine the language of the statute itself. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). Absent ambiguity or irrational result, the literal language of § 2244 controls. *See Estate of Leder v. Commissioner of Internal Revenue*, 893 F.2d 237, 241 (10th Cir. 1989). Under § 2244, tolling occurs for the period "during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). Nothing in the Anti-Terrorism and Death Penalty Act defines these terms or explains their meaning. *See also McFarland v. Scott*, 512 U.S. 849, 854 (1994) (pre-AEDPA case noting neither the federal habeas corpus statute, 28 U.S.C. § 2241 *et seq.*, nor rules governing habeas corpus proceedings define "post conviction proceeding"). The modifying word "State" plainly means that tolling occurs during the period Mr. Quate sought post-conviction review in state proceedings. The statutory language does not specify,

however, whether state proceedings include certiorari review before the United States Supreme Court. We therefore consider the purpose and legislative intent of § 2241.

In determining the meaning of § 2244 and Congress' intent, we observe that neither § 2244 nor the other habeas corpus statutes *explicitly* require filing of certiorari review in the United States Supreme Court in order to complete the post-conviction process or confer jurisdiction on the federal district court. *See also* 28 U.S.C. 2254(b)(2); *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir.) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)), *cert. denied*, 490 U.S. 1112 (1989). This comports with Congress' intent, in enacting the Anti-Terrorism and Effective Death Penalty Act of 1996, to give greater finality to state court resolution of issues and curb the protracted nature of habeas proceedings. *See Gendron v. United States*, 154 F.3d 672, 673 (7th Cir. 1998), *petition for cert. filed*, (U.S. Mar. 8, 1999) (No. 98-1456); *Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir. 1996); *cf. Bennett v. Angelone*, 92 F.3d 1336, 1342 (4th Cir.), *cert. denied*, 117 S. Ct. 503 (1996).

In order to ascertain Congress' intent, we also consider § 2244 *in pari materia* with related habeas corpus statutes such as § 2254. *See Fillman*, 162

F.3d at 1057. The exhaustion requirement in § 2254 is "satisfied once the 'substance of a federal habeas corpus claim' has been presented to a *state court*." *Nicholas*, 867 F.2d at 1252 (citation omitted & emphasis added). Given that § 2254 requires conclusion of post-conviction relief at the *state* level, we find it illogical Congress intended the limitation period in § 2244 to nevertheless be tolled by certiorari review in the Supreme Court. Our conclusion comports with the Supreme Court's general proposition that certiorari review is not a precondition for applying for federal habeas corpus relief.[1] *Fay v. Noia*, 372 U.S. 391, 435 (1963), overruled on other grounds, *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). For these reasons, we conclude the tolling provisions under § 2244 include only the time Mr. Quate spent pursuing post-conviction relief at the state judicial level, and not time spent before the United States Supreme Court on a petition for writ of certiorari.

Having determined the limitation period was tolled only by Mr. Quate's state post-conviction proceedings, we agree with the district court determination that Mr. Quate's petition became due on or before August 30, 1997. Because Mr.

---

[1] *See also Moseley v. Freeman*, 977 F. Supp. 733, 735-39 (M.D. N.C. 1997) (determining neither actual nor potential Supreme Court certiorari review of state post-conviction proceedings should be counted as part of state proceeding for purpose of appointing counsel under 21 U.S.C. § 848(q)(4)(B)).

Quate did not file his petition until September 24, 1997, his petition is untimely.

Mr. Quate requests we equitably toll the limitation period because the penitentiary law library did not contain updated law books or a current volume of the United States Code containing the Anti-Terrorism and Effective Death Penalty Act. He fails, however, to show what, if any, diligent steps he took to request or obtain those material, or that the government denied him access on request. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 119 S. Ct. 210 (1998). Thus, Mr. Quate has not shown cause for his default or prejudice attributable thereto, or demonstrated that failure to consider his federal claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 749. While we liberally construe Mr. Quate's *pro se* pleadings, his assertion of his *pro se* status alone does not justify his failure to timely file his § 2254 petition. *Cf. Lepiscopo v. Tansy*, 38 F.3d 1128, 1130-31 (10th Cir. 1994), *cert. denied*, 514 U.S. 1025 (1995) (holding federal habeas petitioners appearing *pro se* are not exempt from showing cause and prejudice for procedural default, or that a fundamental miscarriage of justice will result if their claims are not considered); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (holding that in abuse of writ cases, the cause and prejudice standards applies to *pro se* prisoners just as it applies to petitioners represented by counsel.)

Based on our review of the record, we further conclude Mr. Quate fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2254. *See Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *cert. denied*, 519 U.S. 1081 (1997).

Accordingly, we deny Mr. Quate's application for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge
