[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 3, 2007
THOMAS K. KAHN
CLERK

No. 06-12418
Non-Argument Calendar

_____

D. C. Docket No. 05-00211-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLOYD DEWAYNE DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(April 3, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Floyd Dewayne Davis appeals his convictions for (1) making a false

statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6); (2) causing a federal firearms licensee to make a false statement, in violation of 18 U.S.C. § 924(a)(1)(A); and (3) possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Davis' sole contention in this appeal is that the district court committed reversible error by refusing to adopt his proposed jury instructions.  For the reasons set forth below, we affirm.

## I.

Davis' convictions stem from his purchase of two assault rifles from a Mobile, AL gun dealer.  He bought the first assault rifle on December 13, 2004 and the second one on March 21, 2005.  Before allowing Davis to purchase either rifle, the gun dealer required Davis to fill out ATF Form 4473, a form used by the Bureau of Alcohol, Tobacco, and Firearms to identify people who purchase firearms illegally.  One question on Form 4473, question 12(e), asks whether the prospective purchaser "is an unlawful user of, or addicted to, marijuana, or any depressant, stimulant, or narcotic drug, or any other controlled substance."  Davis answered "no" to question 12(e) both times that he filled out Form 4473.

Subsequent events proved that Davis was lying when he answered question 12(e).  On March 29, 2005, two Mobile police detectives saw Davis drive through

2

two red lights in his black Hummer. When the detectives pulled Davis over, they noticed that one of the assault rifles he had purchased was laying on the back seat. They also found marijuana and codeine inside of the vehicle. After the detectives found the drugs, they asked Davis about his drug use, and he told them that he smoked marijuana every day.

About four months later, on July 28, 2005, Davis was again pulled over for traffic violations. This time law enforcement officials found more marijuana inside of Davis' vehicle. Apparently, after Mobile law enforcement officers found the drugs and assault rifle inside of Davis' vehicle, they alerted the ATF, and the ATF began investigating how Davis had acquired the firearm. As part of that investigation the ATF searched Davis' home. During the search they found marijuana, codeine, drug paraphernalia, and ammunition for the assault rifles.

On August 25, 2005, the government obtained a five-count superceding indictment against Davis. The counts against Davis included (1) making a false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6) (counts one and three); (2) causing a federal firearms licensee to make a false statement, in violation of 18 U.S.C. § 924(a)(1)(A) (counts two and four); and (3) possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (count five).

3

The false statement that Davis was charged with in counts one through four was his representation on Form 4473 that he was not an unlawful user of marijuana or any other controlled substance. He was tried on all five counts on December 1, 2005. Before instructing the jury on the charges against Davis, the district court held a charge conference. At that conference Davis' attorney offered two proposed jury instructions. The first instruction, a proposed definition of "unlawful user," was taken from a Fifth Circuit opinion. It reads as follows:

> [A]n "unlawful user" is one who uses narcotics so frequently and in such quantities as to lose the power of self control and thereby pose a danger to the public morals, health, safety, or welfare. In other words, an "unlawful user" is someone whose use of narcotics falls just short of addiction, as that term is defined by the Controlled Substances Act.

United States v. Herrera, 289 F.3d 311, 323–24 (5th Cir. 2002), vacated by 300 F.3d 530 (5th Cir. 2002) (en banc), abrogation recognized by United States v. McCowan, 469 F.3d 386 (5th Cir. 2006). The second of Davis' proposed jury instructions was taken from a Ninth Circuit case. It reads as follows:

> [I]f a word has two meanings and if the answer to a question is literally true under one meaning of a word, the answer cannot be said to be false because, by some process of interpretation, including the determination of congressional purpose, a second meaning might be given to the word.

United States v. Isaacs, 539 F.2d 686, 688 (9th Cir. 1976). It appears from Davis' brief that he sought to have the second proposed instruction submitted to the jury

4

because some of the testimony at trial suggested that ATF officers and the employees of the gun dealership held different "definitions as to what constitutes an unlawful user."

The district court did not give either proposed instruction. Instead, the district court instructed the jury as follows:

> The term "unlawful user of a controlled substance" means a person who uses a controlled substance in a manner other than as prescribed by a licensed physician.
> The Defendant must have been actively engaged in use of a controlled substance during the period of time he allegedly made a false statement or allegedly possessed the firearm. But the law does not require that he used the controlled substance at the precise time he allegedly made the false statements in Counts One through Four or allegedly possessed the firearm in Count Five.
> An inference that a person was a user of controlled substances may be drawn from the evidence of a pattern of use or possession of a controlled substance that reasonably covers the time that the firearm was possessed.

Davis' attorney made no specific objection to the district court's omission of his proposed definition of "unlawful user," but he did make a specific objection to the district court's omission of the proposed "multiple meanings" instruction. The district court overruled Davis' objection, stating that the proposed instruction was "(a) confusing and (b), not a correct statement of the law." The jury convicted Davis on all five counts.

## II.

We review the district court's refusal to give a proposed jury instruction for abuse of discretion. United States v. Klopf, 423 F.3d 1228, 1241 (11th Cir. 2005), cert. denied, 126 S. Ct. 1931 (2006). "A trial judge's refusal to give a requested instruction will warrant a new trial only if (1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." United States v. Roberts, 308 F.3d 1147, 1153 (11th Cir. 2002).

Each of Davis' proposed jury instructions relate to the term "unlawful user." His argument for the first proposed instruction is that the statute's failure to define the term "unlawful user" created a situation where the Fifth Circuit's definition in Herrera, 289 F.3d at 323–24, since abandoned, should have been included.

Although we normally review a district court's refusal to give a proposed jury instruction for abuse of discretion, Klopf, 423 F.3d at 1241, Davis did not object to the district court's refusal to offer his first proposed instruction. Consequently, our review is for plain error. See United States v. Dudley, 463 F.3d 1221, 1227 (11th Cir. 2006). To satisfy his burden under a plain error review the defendant must demonstrate (1) an error, (2) that is plain, and (3) that affects

6

substantial rights. United States v. Olano, 507 U.S. 725, 730–32, 113 S. Ct. 1770, 1776 (1993).

Davis has not shown any error, much less a plain one. The Fifth Circuit has vacated the holding of the case from which Davis extracted his proposed instruction. See McCowan, 469 F.3d at 391–92. The district court could not possibly have committed a plain error by refusing to offer a jury instruction that was based on a legal definition that has never been part of the law of this circuit and is based on the decision of another circuit that was itself vacated en banc.

Because Davis did properly object to the district court's failure to consider his second proposed jury instruction, we review the district court's decision for an abuse of discretion. Klopf, 423 F.3d at 1241. Davis' argument in support his second, "mixed meaning" instruction proceeds as follows: (1) an ATF agent, an employee of the gun dealership, and a manager of the gun dealership all testified that they did not know the legal meaning of the term "unlawful user" as defined in 18 U.S.C. §§ 922, 924; (2) their testimony shows that the term "unlawful user" is ambiguous; and (3) because the term is ambiguous, the jury could not properly discharge its duties without the aid of the "mixed meaning" instruction.

Davis' argument is not persuasive. We have previously defined an unlawful user as a person whose drug use is "ongoing and contemporaneous with his firearm

7

possession." United States v. Edmonds, 348 F.3d 950, 953–54 (11th Cir. 2003) (quoting United States v. Bernardine, 73 F.3d 1078, 1082 (11th Cir. 1996)). The district court's instruction was consistent with that definition, and we have never required a "mixed meaning" instruction in the context of 18 U.S.C. §§ 922, 924. Thus, the district could was under no obligation to submit Davis' multiple-meanings instruction to the jury. Moreover, Davis has not shown how the district court's refusal to the instruction impaired his ability to present an effective defense. See Klopf, 423 F.3d at 1241. As a result, he has not carried his burden of showing that the district court abused its discretion by refusing his second proposed instruction.

There is one more item to address, however. Under the "Nature of Offense" section on the first page of the district court's judgment, the court inadvertently transposed the description of the offense that Davis was charged with in counts one and three in the superceding indictment with the description of the offense that Davis was charged with in counts two and four of the indictment. We therefore vacate the district court's judgment and remand this case to the district court for the limited purpose of allowing it to correct that clerical error. See United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998) (remanding with directions to the district court to correct the clerical errors where the statute cited in the judgment

8

and commitment order was incorrect).  Because this error does not affect Davis'

substantial rights, it does "not prejudice the defendant in any reversible way."

United States v. Diaz, 190 F.3d 1247, 1252–53 (11th Cir. 1999).

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**